**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE HUNTER JR., | ) | St. Louis City Circuit Court |
| | ) | Cause No.  2522-CC09849 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, | ) | **JURY TRIAL DEMANDED** |
| CITY OF ST. LOUIS, | ) | |
| DETECTIVE RYAN BUSCEMI, | ) | |
| FIRST STUDENT, INC., AND | ) | |
| TARENCE HARDWICK, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446, Defendant First Student, Inc. ("First Student") hereby removes this action from the Missouri Circuit Court for the Twenty-Second Judicial Circuit, St. Louis City, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. As explained below, this lawsuit is subject to the Court's jurisdiction under §1331, because the lawsuit presents causes of action arising under federal statutes, such as the Civil Action for Deprivation of Rights, 42 U.S.C. § 1983, and Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985. A case filed in state court that has federal causes of action may be timely removed. 28 U.S.C. §1441(c). This Court has supplemental jurisdiction to hear the related state-law claims under 28 U.S.C. §1367(a).

## BACKGROUND AND TIMELINESS

1.      On or about December 5, 2025, Plaintiff Bruce Hunter Jr. filed this civil lawsuit against the St. Louis Metropolitan Police Department ("SLMPD"), City of St. Louis, Detective Ryan Buscemi, First Student, and Tarence Hardwick in the Twenty-Second Judicial Circuit,

St. Louis City, Missouri. *Bruce A Hunter Jr v. STL Metro Police Dept et al,* Cause No. 2522-CC09849 (the "State Court Action").

2.      First Student is the only defendant who has been properly joined and served, having been served with a copy of the Complaint on March 18, 2026. *See* Exhibit A.

3.      This Notice of Removal is timely filed because it is filed within thirty (30) days of the date that First Student received notice of the initial pleading, in compliance with 28 U.S.C. §1446(b)(1) and Fed. R. Civ. P. 6(a).

4.      Pursuant to 28 U.S.C. § 1446(a), the copy of Plaintiff's complaint is attached as Exhibit A and a copy of the docket sheet and the entire state court file from the State Court Action is attached as Exhibit B.

### CLAIMS ASSERTED

5.      Hunter alleges that a First Student school bus, operated by Tarence Hardwick, struck his vehicle and left the scene. *See* Exhibit A, Complaint. Hunter alleges that Detective Buscemi never read him his Miranda rights, and coerced, threatened, and harassed him into signing a document stating that he would not pursue claims against First Student and Tarence Hardwick. *Id.*

6.      Hunter alleges Detective Buscemi, SLMPD, and the City of St. Louis's conduct violated the Civil Action for Deprivation of Rights, 42 U.S.C. § 1983 (Counts I); Detective Buscemi and SLMPD's conduct violated the Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985 (Count II). *See* Exhibit A, Complaint. He also asserts state-law cause of actions for Negligence against First Student and Tarence Hardwick (Count III); Intentional Infliction of Emotional Distress ("IIED") against all Defendants (Count IV); and Obstruction of Justice/Abuse of Process against Detective Buscemi and SLMPD (Count V). *Id.*

7.      First Student denies any wrongdoing under these causes of action.

## FEDERAL QUESTION JURISDICTION

8.      Pursuant to 28 U.S.C. § 1446(b), the original Notice of Removal was timely because it was filed within 30 days of First Student's receipt of the Complaint on March 18, 2026.

9.      Hunter has brought federal claims against Detective Buscemi, SLMPD, and the City of St. Louis—with claims asserted under the Civil Action for Deprivation of Rights, 42 U.S.C. § 1983 (Count I) and the Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985 (Count II). *See* Exhibit A, Complaint.

10.     This Court has jurisdiction over a case presenting a federal question.  28 U.S.C. §1331.  A case presenting a federal question is removable under 28 U.S.C. §1441. Indeed, Plaintiff himself notes that the case is subject to federal question jurisdiction.

11.     This Court has federal question jurisdiction over the case and pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's remaining state-law claims because they are so related to the federal claims in this action that they form part of the same case or controversy. *Benchmark Ins. Co. v. SUNZ Ins. Co.*, 36 F.4th 766, 771 (8th Cir. 2022).

12.     Claims form part of the same case or controversy when they arise from a common nucleus of operative facts such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. *Id*.

13.     Plaintiff's federal and state-law claims all stem from the same underlying events: the circumstance of the collision and the investigation of collision. The investigation of the collision and law enforcement's conduct in connection with that investigation forms the factual predicate for both Plaintiff's federal and state-law claims. Resolution of these claims will

3

necessarily require examination of the same operative facts. The parties will rely on substantial overlapping evidence, including the same witnesses and records.

14.     Because the federal and state-law claims arise from the common nucleus of operative facts and depend on the same core body of evidence, Plaintiff would ordinarily be expected to try all claims in a single judicial proceeding.  Accordingly, this Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367.

## THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

15.     The procedural requirements set forth in 28 U.S.C. §1446 have also been met.

16.     The U.S. District Court for the Eastern District of Missouri is the federal judicial district encompassing the Circuit Court of St. Louis City, where this suit was originally filed. Venue is therefore proper in this district pursuant to 28 U.S.C. §§1441(a), 1446(a).

17.     Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and other papers received by First Student have been attached as Exhibit B.

18.     Pursuant to 28 U.S.C. §1446(d), undersigned counsel is serving this Notice of Removal on the pro se Plaintiff and is filing a copy of this Notice of Removal with the Circuit Court of St. Louis City.

19.     The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the U.S. District Court for the Eastern District of Missouri, Eastern Division, and this cause is removable to the U.S. District Court for the Eastern District of Missouri, Eastern Division.

20.     If any question arises as to the propriety of the removal of this action, First Student requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed.

WHEREFORE, Defendant First Student, Inc. respectfully asserts that removal is proper from the Circuit Court of St. Louis City, Missouri to the United States District Court for the Eastern District of Missouri based on federal question jurisdiction.

Dated:  April 16, 2026

HEPLERBROOM LLC

By:    */s/ Meg L. Fowler*
Meg L. Fowler No. 53776
701 Market Street, Suite 1400
St. Louis, MO 63101
314-241-6160
314-241-6116 Fax
MLF@heplerbroom.com
*Attorney for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 16th day of April 2026, I electronically filed a true and correct copy of the foregoing Notice of Removal with the Clerk of the United States District Court for the Eastern District of Missouri using the CM/ECF system, which will send a copy of the foregoing to:

Bruce Hunter
2218 Portis Avenue
St. Louis, M 63110
anthony39.314@gmail.com

*/s/ Meg L. Fowler*

5